FELTER *v.* THE TEXAS COMPANY, et al.

No. 40139          April 23, 1956          86 So. 2d 872

*R. L. Netterville,* Natchez, for appellant.

*Brandon, Brandon, Hornsby & Handy,* Natchez, for appellee.

McGehee, C. J.

The plaintiff, Mrs. Alice Felter, sued both The Texas Company and the City of Natchez for damages because of an injury sustained by her when she stepped into a hole in a concrete surface on the premises of the Triangle Service Station in the City of Natchez, which premises were under lease from the owner to The Texas Company and which was operating the Triangle Service Station at the time the plaintiff stepped into the hole in the concrete, alleged to be about 25 inches in length, 15 inches in width, and between 3 to 5 inches in depth.

A demurrer was interposed on behalf of the City of Natchez, and was by the trial court sustained. Upon refusal of the plaintiff to plead further, a judgment was entered dismissing the suit as to the City of Natchez. It is from that judgment this appeal is taken.

The declaration alleges that the lessee, The Texas Company, was by the terms of its lease under a duty to repair and maintain the premises. It alleges specifically that the hole in the pavement is located on a portion of the premises known as the Triangle Service Station, which was a triangular area which separated two main streets of the said municipality, and that with knowledge on the part of the municipality, a walkway had become established by pedestrians in crossing this paved concrete area in going from one street to the other; that therefore this area in front of the filling station had become a public thoroughfare by the use thereof of pedestrians in taking a short cut in getting to and from the street on the north of the area to the street on the south thereof; and that hence it also became the duty of the municipality to keep in repair and maintain the same in a reasonably safe condition for the use of pedestrians when exercising proper care for their own safety.

There are two photographs attached to the plaintiff's original brief which are not a part of the record in this case, but the City of Natchez makes no objection to the same being considered for the purposes of this appeal to show the general physical situation of the Triangle Service Station with relation to the two streets. Aside from the allegations of the declaration, the photographs disclose that the hole into which the plaintiff stepped is located on the triangular concrete surface in front of the filling station, and at a place where there would be no likelihood of anyone being injured in the use of either of the streets. In other words, the hole is not located in any street or sidewalk of the city or in such

proximity thereto as to cause injury to a pedestrian using either of the streets or when passing alongside of the triangular plot.

■■ ■ Although it is alleged in the declaration that the municipality was under a duty to repair and maintain this walkway used by pedestrians in taking this short cut from one of the two streets to the other, The facts upon which the conclusion or allegation is based would negative the conclusion that the municipality owed the plaintiff the duty to repair and maintain such walkway. Since the hole was located on private property, and not in such proximity to either a street or sidewalk of a municipality so as to injure a pedestrian in the use of the streets or sidewalk of a municipality, and since the municipality did not exercise any control over the walkway thus located on private property, we are of the opinion that the trial court was correct in holding that the declaration failed to state a cause of action against the said City of Natchez.

The appellant's brief contains a lengthy quotation from 65 C.J.S., Section 5, pp. 521-534, and one from Lepnick v. Gaddis, 72 Miss. 200, 16 So. 213, 26 L.R.A. 686; but we think that the quotation from Corpus Juris Secundum deals with the duty owing by the owner, occupant or person in charge of the property to an invitee, and not with the duty of a municipality that neither owns the property nor exercises any control over the same; that the case of Lepnick v. Gaddis, supra, discusses only the duty of the owner of a vacant lot across which pedestrians have been accustomed to travel, and in which case the plaintiff had fallen into a cistern located on the vacant lot in question, and near the walkway across the vacant lot; and that the numerous decisions cited in the opinion of the court in that case also dealt with the liability of a defendant as owner of the property on which the dangerous condition existed in each case.

The case of Gulf Refining Co. et al. v. Moody, 172 Miss. 377, 160 So. 559, involved only the liability of the owner of the filling station where the plaintiff was a visitor. In the case of Birdsong v. City of Clarksdale, 191 Miss. 532, 3 So. 2d 827, the place at which the plaintiff was injured was between the sidewalk and the curb of the street, and the place was therefore a part of the street.

It is strongly urged that the case of Standard Oil Co. et al. v. Decell, 175 Miss. 251, 166 So. 879, is directly applicable in the case at bar. However, in that case the City of Hazlehurst owned the lot on which the service station of the Standard Oil Company was located. It had leased the lot to the Standard Oil Company, and soon after the construction and beginning of the operation of the service station, and continuously thereafter, pedestrians instead of going to the intersection of Lowe and Gallatin streets, cut across the triangle under the shed of the service station, thereby materially shortening the distance between the streets. There was located on the leased premises a "grease pit", used in greasing automobiles. The pit was approximately 10 feet in length, 4 feet deep, and 3 feet wide. The evidence showed that one end of the grease pit was within one foot of the usual travelled way of pedestrians. The grease pit was unlighted and uncovered at the time the plaintiff stepped into it. The court held that it was incumbent upon the city to take the necessary steps to do away with this danger, or to require its lessee, the Standard Oil Company, to do so. The Court in its opinion said: "It will be observed, from what has been stated, that if there had been a sidewalk on the east side of Lowe Street, its entire width would have been occupied by the service station. In other words, the service station was in part located in the street." In that case the city was the owner of the property and the co-defendant was its lessee, whereas in the instant case the accident oc-

curred on private property leased by The Texas Company from a private owner, and not from the City of Natchez.

We think that, therefore, the case is distinguishable from the case at bar, and we are of the opinion that neither the Decell case nor any of the other authorities relied upon by the appellant are such as to entitle the plaintiff to recover as against the City of Natchez. In so holding, we do not think that we are departing from the general rule, sought to be applied in the Decell case, that a city is under a duty to fill up or guard an excavation in such close proximity to the street that one passing along the street and using ordinary care is in danger of falling into an excavation or other place of danger. The rule as discussed in Nicholson, Admrx. etc. v. City of Des Moines, 60 N. W. 2d 240, 44 A. L. R. 2d 616, 633, is not applicable.

The action of the trial court in sustaining the demurrer and dismissing the suit as to the City of Natchez on the refusal of the plaintiff to plead further as to the said defendant, is, therefore, affirmed.

Affirmed.

*Roberds, Lee, Holmes* and *Ethridge, JJ.,* concur.